# **SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Settlement Agreement and Release of Claims (the "Agreement") is made and entered into as of this ___ day of September 2016 by and between plaintiffs Edione Lisandro, Atila Adolfo Tigges, Tylor Reeves, and Carlos Jean De Farias (collectively, "Plaintiffs"), for and on behalf of themselves and all others similarly situated (the "Settlement Class," as further defined below) and defendants PMLRA Pizza, Inc., AM Pizza, Inc., and Henry Askew (collectively, "Defendants"). The Plaintiffs and Defendants are collectively referred to herein as the "Parties."

WHEREAS, all of the Plaintiffs formerly worked for PMLRA Pizza, Inc. and/or AM Pizza, Inc., both of which are wholly-owned by Henry Askew and both of which are Domino's Pizza franchisees that operate multiple Domino's stores in Massachusetts;

WHEREAS, the Parties have been engaged in litigation in the United States District Court for the District of Massachusetts and the United States Court of Appeals for the First Circuit, including two prior actions (*Carpaneda v. Domino's Pizza, LLC*, Civil Action No. 13-12313-WGY and *Prinholato v. Domino's Pizza, Inc.*, Civil Action No. 14-12483-WGY) and four pending actions, which are captioned *Lisandro v. Domino's Pizza, Inc.*, Civil Action No. 15-11584-WGY (and now on appeal in the United States Court of Appeals for First Circuit, Case Nos. 16-1082 & 16-1355), *Tigges v. AM Pizza, Inc.*, Civil Action No. 16-10136-WGY, *Reeves v. PMLRA Pizza, Inc.*, Civil Action No. 16-10464-WGY (and now on appeal in the United States District Court for the First Circuit, Case No. 16-2126), and *De Farias v. AM Pizza, Inc.*, Civil Action No. 16-11142-WGY (the four pending cases are referred to collectively as the "Litigation"), in which the Plaintiffs allege (on behalf of themselves and all others similarly situated) that Defendants failed to pay service charges and minimum wages in accordance with Massachusetts law;

WHEREAS, Plaintiff Lisandro had an exemplar trial in October 2015, which ended in a verdict for the Defendants, and which is now on appeal; Plaintiff Tigges has been certified as a class representative; Plaintiff Reeves has been certified as a class representative, but signed an arbitration agreement which is now the subject of an appeal; and Plaintiff De Farias, who also signed an arbitration agreement, has filed a case in which no class has been certified and which has been administratively closed pending the outcome of the *Reeves* appeal;

WHEREAS, following the initiation of the first case against these Defendants (*Carpaneda*), and without in any way admitting to any violations of the law, the Defendants have taken steps in a good faith effort to address the Plaintiffs' allegations that various notices to customers or employees were insufficient, including, among other things, (a) implementation of a recorded message (also known as a "call catcher") heard by all customers making a telephone order that includes a notice about delivery charges, (b) the use of periodic box toppers dedicated to providing notice to customers that a delivery charge is not a tip, (c) the use of credit card folios with a notice that delivery charge is not a tip, (d) the addition of a disclosure on credit card slip that delivery charge is not a tip, (e) the development of a notice to drivers about the tipped minimum wage, and (f) has requested that Domino's (as the franchisor who controls all electronic ordering platforms) make certain changes to its electronic ordering platforms,

including the addition of a function giving customers the ability to include a gratuity when placing an order on any of those platforms;

WHEREAS, Plaintiffs' counsel is currently unaware of any other feasible steps (that are subject to the Defendants' exclusive control as a Domino's franchisee) that could be taken by the Defendants to comply with notice requirements regarding the payment of a tipped minimum wage or the use of an "administrative fee" (designated by the Defendants here as a delivery charge) under the Massachusetts Tips Law, while maintaining a tipped minimum wage and a delivery charge;

WHEREAS, Defendants deny all of the claims asserted in the Litigation, deny that they engaged in any wrongdoing, deny that they committed any violations of any law, deny that they acted improperly in any way, and believe that the Plaintiffs' lawsuits have no merit, but are entering into this Agreement solely because a settlement would eliminate the burden, risk, and expense of further litigation. This Agreement is not and shall not in any way be construed as an admission or evidence of any violation by any party of any acts for which liability may attach; and

WHEREAS, the Parties now desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing, to effect a settlement and resolution of all claims brought by the Plaintiffs in the Litigation against Defendants; and

WHEREAS, in agreeing to the settlement embodied in this Agreement, the Plaintiffs and their counsel have considered: (1) the facts developed during discovery and from their investigations, (2) the attendant risks of continued litigation and the uncertainty of the outcome of these actions, and (3) the desirability of permitting their proposed settlement to be consummated according to the terms of this Agreement; and have concluded that the terms and conditions of the Agreement are fair, reasonable, and adequate, and in the best interests of the Plaintiffs and the Settlement Class based on the totality of the circumstances;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed between the Plaintiffs, individually and on behalf of the Settlement Class, and the Defendants that, subject to the Court's approval and the other conditions set forth herein, the Litigation shall be settled, compromised, and dismissed on the merits and with prejudice in the manner and upon the terms and conditions set forth in this Agreement.

1. <u>Class Definition</u>. The Parties agree that the Settlement Class shall include (a) PMLRA drivers (as to service charge and related minimum wage claims, as alleged in the *Lisandro* case): 12/31/10 – 7/29/16, (b) PMLRA drivers (as to minimum wage notice claims, as alleged in the *Reeves* case): 1/7/13 – 7/29/16, and (c) AM drivers (all such claims, as alleged in the *Tigges* and *De Farias* cases): 8/12/12 – 7/29/16. These respective class periods are referred to herein as the "Class Period." The classes include all drivers who worked for PMLRA or AM during these periods, including those who signed or did not sign arbitration agreements.

2. <u>Class Certification</u>. As to any drivers in the Settlement Class who are not yet in a certified class, the Parties agree that all such drivers may be in an additional class or classes to be certified solely for purposes of this Agreement. For purposes of those drivers, and solely for purposes of this Agreement, the Parties agree that any one or more of the four Plaintiffs may be deemed class representatives for any such additional class(es).

3. <u>Court Approval of Settlement</u>. The Parties understand and agree that the settlement set forth in this Agreement is subject to Court approval pursuant to Fed. R. Civ. P. 23. The Parties agree to cooperate as necessary to obtain expeditious court approval of this Agreement, so that all required payments can be made as soon as practicable consistent with the requirements of Fed. R. Civ. P. 23. The Parties further agree that if the Court does not approve this Agreement, then for a period of thirty days after the Court's denial, they shall in good faith attempt to negotiate an agreement with terms that are acceptable to the Parties and the Court. If the parties are unable to negotiate acceptable terms, then this Agreement shall be null and void, and neither party may use (for any purpose whatsoever) or divulge anything in this Agreement, in the negotiations leading up to it, or in the actions taken to obtain Court approval to prejudice any of the Parties' rights, and the Parties shall be restored to their respective positions in this action as they existed prior to the execution of this Agreement.

4. <u>Settlement Fund</u>. As discussed in more detail below, the total amount to be paid by Defendants to the Plaintiffs, the Settlement Class, and their counsel for purposes of this Agreement is $750,000.00 (the "Settlement Fund"). The Parties agree that the Plaintiffs may propose (and Defendants will not contest) the following allocation of the Settlement Fund in uncontested or joint motions for approval to be filed with the Court:

- Up to $10,000.00 as incentive payments to each of the four Plaintiffs;

- Up to 33% of the Settlement Fund ($250,000.00) as attorneys' fees;

- Reimbursement for all costs incurred by Plaintiffs' counsel in connection with the Litigation and the administration of this Agreement, in an amount not to exceed $30,000.00; and

- All remaining Settlement Funds (in an amount not less than $430,000.00) to be paid to eligible members of the Settlement Class, in proportion to their approximate potential damages during the Class Period, with all unclaimed funds to be distributed in a cy pres award, all as discussed in more detail below.

5. <u>Employee Records & Calculation of Settlement Payments</u>. Plaintiffs' counsel will calculate each class member's proposed share of the Settlement Funds in proportion to the amount of delivery charges paid for deliveries by the class member during the relevant Class Period, based on records provided by the Defendants. Within 14 days of the execution of this Agreement, Defendants agree to provide the best available records (in electronic format, if available) of: (1) the names and addresses of all members of the Settlement Class, (2) the employer and dates of employment for all members of the Settlement Class, and (3) the total delivery charges paid by

customers for deliveries made by each member of the Settlement Class during the relevant Class Period.

6. Approval Process. As soon as practicable, Plaintiffs will prepare a draft motion seeking preliminary approval of this settlement, and the Defendants' assent to that motion shall not unreasonably be withheld or delayed. Upon conditions ordered by the Court, the Plaintiffs will subsequently file a motion seeking final approval of this settlement, and the Defendants' assent to that motion shall not unreasonably be withheld or delayed. Within 35 days of the Court's final approval, the Defendants shall cause the full amount of the Settlement Fund to be paid to Plaintiffs' counsel.  Plaintiffs shall then be solely responsible to distribute the same, in the manner finally approved by the Court.

7. Notice & Claim Process. As soon as practicable following the Court's preliminary approval of the settlement, the Plaintiffs shall be solely responsible to send notice of the proposed settlement, by first-class mail, to the Settlement Class. Subject to Court approval, the Parties agree that notice may be sent by a designated third-party administrator. Members of the Settlement Class will have a period of 45 days following mailing of the notice to submit a claim form or to opt out of the Litigation. If a notice is returned as undeliverable, Plaintiffs' counsel or the designated third-party administrator will perform (or cause to be performed) a customary skip-trace in an effort to obtain updated address information, and a new notice will be sent to any updated address. Class members will be eligible to receive a pro rata share of the Class Fund if they (a) do not opt out, and (b) file a claim form. Class distributions will be made in two rounds by Plaintiffs' counsel or the designated third party administrator. For the first round distribution, which will be made as soon as practicable following receipt of the Settlement Fund from the Defendants, class members who did not opt out and who filed a claim form will receive the pro rata share they would be entitled to if all class members submitted claims. For the second round, Plaintiffs' counsel or the designated third-party administrator will send by first-class mail, approximately 30 days after the first round of distributions, a reminder postcard to all members of the Settlement Class who did not opt out or file a timely claim form. The recipients of that second-round notice will have 30 days after the second-round mailing to file a claim form. All members of the Settlement Class will be entitled to receive the pro rata share they would be entitled to if all class members submitted claims, plus an Additional Payment, as follows: all members of the Settlement Class who have not opted out and who have filed a claim form (including those who submitted claim forms in the first or second rounds) will, in addition to their original pro rata share, receive their pro rata share of any remaining funds (the "Additional Payment," to be paid from the funds not claimed by members of the Settlement Class in either the first or second rounds). Any checks that are issued to members of the Settlement Class but that are not cashed by 90 days after the second round of distributions will be null and void, with the amounts to be donated in a *cy pres* award to Fair Employment Project, Inc., a 501(c)(3) non-profit that offers information and counseling to low-wage workers in Massachusetts. Plaintiffs' counsel will provide a report to Defendants' counsel about the dates and amounts of any distributions to members of the Settlement Class as soon as possible after such distributions.

8. Taxes. All Parties will bear their own tax liabilities with respect to any payments made or received in connection with the Settlement Fund, and none of the Parties will have any indemnification obligations as to any of the other Parties. It is understood and agreed by the

4

Parties that neither Defendants' counsel, Plaintiffs' counsel, nor any third-party administrator will have any tax obligations in connection with this Agreement other than with respect to regular income tax obligations for amounts that they receive as fees.

9. General Release and Dismissal of Claims by Plaintiffs. Upon final approval of this Agreement, and for other good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, the Plaintiffs forever release and discharge Defendants (including all employees, officers, directors, agents and attorneys of Defendants) and all other persons, firms, or corporations with whom any of them have been, are now, or may hereafter be affiliated (collectively, the "Releasees"), of and from any and all claims, demands, and liabilities whatsoever that were raised in the Litigation, could have been raised in the Litigation, or are related to or growing out of their employment by the Defendants, from the beginning of time to the date of this Agreement, including, but not limited to, any and all claims or demand relating to Defendants' pay practices or classification of employees, any state or federal law relating to overtime, minimum wage or the payment of wages, the Fair Labor Standards Act, the Massachusetts Tips Act (or any federal counterpart), ERISA, any state or federal anti-discrimination law, any claims for contract, tort, quantum meruit or unjust enrichment, any claim(s) under Massachusetts General Laws chapters 148B, 149, 150, 151, and 151A and/or 151B, or their Federal counterparts.  This release is intended to be as broad as allowable by law.

10. Release and Dismissal of Claims by Settlement Class. Upon final approval of this Agreement, and for other good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Settlement Class members who submit claim forms will forever release and discharge Defendants and all other persons, firms, or corporations with whom any of them have been, are now, or may hereafter be affiliated (collectively, the "Releasees"), of and from any and all claims, demands, and liabilities whatsoever that have been or could have been raised in these actions, from the beginning of time to the end of the Class Period, including (1) any legal claims arising from the factual allegations asserted in the Litigation, and (2) any claims relating to the charging, collecting, retaining, distributing, or paying of any tips, gratuities, service charges, or the payment of minimum wages. Failure to opt out the Settlement Class will bind a potential class member to this Settlement Agreement.

11. No Admission of Liability. Each party understands and acknowledges that it is willing to enter into this Agreement to avoid the expense, delay, and uncertainties of further litigation, and not as an admission of any liability. Neither the settlement of the Litigation nor the fact that payments are to be made as described in this Agreement, is intended, and shall not be construed as or claimed to be, an admission of wrongdoing or constitute evidence or an admission of any liability or wrongful conduct on the part of Defendants.

12. Governing Law. This Agreement shall be construed in accordance with, and be governed by, the laws of the Commonwealth of Massachusetts, without giving effect to the conflict of laws provisions of the Commonwealth of Massachusetts or any other jurisdiction.

13. Entire Agreement. This Agreement constitutes a single, integrated written contract expressing the entire agreement between the Parties relating to the subject matter addressed

herein, and supersedes any and all agreements, understandings, covenants, warranties and discussions, whether written or oral, between them, covering the subject matter addressed herein.

14. <u>Waiver of Rights</u>. No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on any one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

15. <u>Amendments</u>. This Agreement may not be abandoned, supplemented, changed, or modified in any manner, orally or otherwise, except by an instrument in writing of concurrent or subsequent date signed by a duly authorized representative of each of the Parties hereto.

16. <u>Execution of Counterparts</u>. This Agreement may be executed in multiple signature counterparts, each of which shall constitute an original but all of which taken together shall constitute one and the same instrument. Signatures provided via scanned or faxed documents shall have the same effect as an original signature.

17. <u>Training Materials</u>. Plaintiffs' counsel agrees to prepare written training materials to the Defendants for use in training supervisors and workers relating to minimum wage notice requirements and the Massachusetts Tips Law. Plaintiffs' counsel will have no indemnity or legal obligations with respect to these training materials, but acknowledges that they will be used and relied upon by the Defendants, in the Defendants' sole discretion.

18. <u>Confidentiality</u>. Except for communications expressly permitted or required pursuant to this Agreement (including communications with Settlement Class members and filings with the Court), the Plaintiffs and their counsel agree that they will not publicize or publicly discuss information about this Agreement (including through Internet postings or responses to media inquiries), unless compelled by law.

19. <u>Motions</u>. Promptly upon execution of this Agreement, the Parties shall: (1) file a joint motion to stay the *Lisandro* appeal pending final approval of this Agreement, (2) file a joint motion to stay the *Reeves* appeal pending final approval of this Agreement, (3) file a joint motion to stay further proceedings in the *Tigges* case, other than the Court's consideration of the Parties' motions for approval of this Agreement. If any of these motions are denied, in whole or in part, that denial will not otherwise affect the terms of this Agreement, unless otherwise ordered by the Court.

END OF AGREEMENT – SIGNATURE PAGE FOLLOWS

_____
EDIONE LISANDRO,
On behalf of himself and the Settlement Class

_____
ATILA ADOLFO TIGGES,
On behalf of himself and the Settlement Class

_____
TYLOR REEVES,
On behalf of himself and the Settlement Class

_____
CARLOS JEAN DE FARIAS,
On behalf of himself and the Settlement Class

_____
PMLRA Pizza, Inc.
By Henry Askew

_____
AM Pizza, Inc.
By Henry Askew

_____
HENRY ASKEW
For Himself

_____
EDIONE LISANDRO,
On behalf of himself and the Settlement Class


_____
ATILA ADOLFO TIGGES,
On behalf of himself and the Settlement Class

_/s/ Tylor Reeves_____
TYLOR REEVES,
On behalf of himself and the Settlement Class


_____
CARLOS JEAN DE FARIAS,
On behalf of himself and the Settlement Class



_____
PMLRA Pizza, Inc.
By Henry Askew


_____
AM Pizza, Inc.
By Henry Askew


_____
HENRY ASKEW
For Himself

---

EDIONE LISANDRO,
On behalf of himself and the Settlement Class

---

ATILA ADOLFO TIGGES,
On behalf of himself and the Settlement Class

---

TYLOR REEVES,
On behalf of himself and the Settlement Class

---

CARLOS JEAN DE FARIAS,
On behalf of himself and the Settlement Class

*/s/ Henry Askew*

---

PMLRA Pizza, Inc.
By Henry Askew

*/s/ Henry Askew*

---

AM Pizza, Inc.
By Henry Askew

*/s/ Henry Askew*

---

HENRY ASKEW
For Himself

7